```
UNITED STATS DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BROTHER UNITY MARITIME S.A.,
                                                              09 Civ. 5013 (RPP)
                            Plaintiff,
                                                              OPINION AND ORDER
        -against-

DONGKUK STEEL MILL CO., LTD.,

                            Defendant.
-------------------------------------------------------X
```

**Robert P. Patterson, Jr., U.S.D.J.**

Plaintiff Brother Unity Maritime SA, a Marshall Islands corporation, has filed a complaint in this District seeking, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, an order of attachment of $1,740,436.92 against "all tangible and intangible property belonging to or being held for Defendant Dongkuk Steel Mill Co., Ltd.," a corporation organized and existing under and by virtue of the laws of Korea (South Korea). (Verified Complaint, filed on May 28, 2009 ("Compl."), ¶¶3, 8.)

### 1. Overview

Plaintiff's claim is that on April 23, 2009, it, as the owner of the Motor Vessel M/V Dimitrios S (the "Vessel"), entered into a charter agreement with Daewoo Logistics Corp. (Daewoo), as charterer for a one-time charter trip to transport steel slabs from Teesport, United Kingdom to South Korea. (Compl. ¶5.) Plaintiff alleges that Daewoo has failed to pay Plaintiff for charter hire of $14,250.00 per day payable every fifteen days in advance, on the following days: $501,844.75 on April 27, 2009, $209,156.25 on May 11, 2009, and $209,156.25 on May 25, 2009 (Compl. ¶¶6, 10-12).

1

Clause 18 of the Charter Agreement confers a lien in favor of Plaintiff "upon all cargoes, all sub-freights and sub-hires for any amount due" from Daewoo to the Plaintiff under the Charterparty. (Compl. ¶7.)[1] Defendant is described as the consignee of the steel cargo transported pursuant to Bill of Lading No. 1 (the "Bill of Lading") (Compl. Ex. B [Bill of Lading].). The Complaint states that upon information and belief, but without supporting allegations, that the amount of freight currently due Daewoo payable on or about May 22, 2009 is in the sum of $1,500,000.00. (Compl. ¶9.)

On May 26, 2009, Plaintiff via both a facsimile transmission and email communicated a third notice (the "Lien Notice") to Defendant of Plaintiff's planned exercise of the lien pursuant to Clause 18 of the Charter Agreement and Plaintiff's demand for payment of bill of lading freights. (Compl. ¶13; Compl. Exh. C [Notice of Lien and Payment Demand].)

Plaintiff alleges that, in addition to recovering the principal amount due under the Charter Agreement, it should be entitled to two years interest pending the resolution of the arbitration of the dispute in London as well as costs (attorneys and arbitrators' fees) as follows:

| | |
|---|---|
| Principal claim for freight | U.S. $ 1,500,000.00 |
| Two years interest at 4.5% per year | U.S. $    140,436.92 |
| Costs | U.S. $    100,000.00 |
| | $ 1,740,436.92 |

2. **Decision**

The application for an order of attachment is denied for the following reasons:

---

[1] The Charter, Exhibit A and the Complaint incorporates the terms of a charter annexed thereto, which sets forth the language of Clause 18 upon which Plaintiff relies.

2

First, the amount of the lien sought is not based on the amounts due Plaintiff from Daewoo, which amounts to approximately $920,000 (Compl. ¶¶10-12), but on the alleged amount due from Defendant to Daewoo, which amounts to approximately $1,500,000.00 plus attorneys' fees and interest. Thus, the amount of the attachment requested is not supported by the allegations of the Complaint.

More importantly, Plaintiff relies on Clause 18 of the Charter Agreement, which, in pertinent place, states that: "The owners shall have a lien on all cargoes and all sub-freights or hires for any amounts due under this Charter." The Complaint concludes, based on the language of Clause 18, that the lien conferred on Plaintiff by the Charter extends to any freights or hires payable under any sub-charters of the vessel including any hire or freights payable to Daewoo by the Defendant. (Compl. ¶7.) However, there is no allegation in the Complaint that Daewoo sub-chartered the vessel to Defendant. In fact, Defendant is described in the Complaint only as the consignee of the steel cargo transported pursuant to Bill of Lading No. 1. (Compl. ¶8.)

The Bill of Lading, dated April 2, 2009 (Compl. Exh. B), antedates the time when the Complaint alleges that Charterparty was entered into, which was April 23, 2009. (Compl. ¶5.) The copy of the Charterparty annexed as Exhibit A is an email dated April 23, 2009 between agents for Plaintiff and for Daewoo.

Nor is there anything in the Bill of Lading that suggests Defendant acknowledged any right by Plaintiff to attach money or property of Defendant in lieu of proceeding against Daewoo. Nor, in this Court's view does the Charter agreement provide any authorization for attaching "all tangible or intangible property belonging to or being held

3

for Defendant" that which may pass through "the listed garnishees" in this District as sought by Plaintiff's proposed attachment.

In this Court's view, Plaintiff is seeking to distort the scope of Admiralty Rule B on behalf of a foreign entity by harassing another foreign entity by proceeding in this District, rather than proceeding in a jurisdiction in which it could arrest the vessel and assert its liens against the cargo in the port of discharge, Pohang Port, South Korea.

In view of this misuse of Rule B, the Complaint filed by Peter Skoufalos of the Firm of Brown Gavalas and Fromm, 353 Lexington Avenue, New York City, is dismissed with prejudice.

IT IS SO ORDERED.

Dated: New York, New York
June _2_, 2009

Robert P. Patterson, Jr.
U.S.D.J.

**Copies faxed to:**

*Plaintiff's attorney:*

Brown Gavalas & Fromm LLP
355 Lexington Avenue
New York, NY 10017
Attn: Peter Skoufalos
Tel: (212) 983-8500
Fax: (212) 983-5946